UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARKEESE HUNTER,

Plaintiff,

v.

CAUSE NO.: 3:19-CV-413-JD-MGG

OFFICER CUNNINGHAM, et al.,

Defendants.

OPINION AND ORDER

Markeese Hunter, a prisoner without a lawyer, filed a complaint regarding an incident at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Hunter alleges that, on the morning of April 15, 2018, he attempted to find someone to push his wheelchair. Officer Cunningham became angry upon hearing Hunter's remarks and grabbed Hunter's wheelchair and forcefully shoved him into the sally port. When Officer Cunningham shoved him a second time,

Hunter fell out of his wheelchair onto the concrete floor, which caused back pain. After Officer Cunningham walked away, Sergeant Collins assisted Hunter back into his wheelchair. Sergeant Collins did not speak with Officer Cunningham. For his injuries, Hunter seeks money damages.

Hunter asserts an Eighth Amendment claim against Officer Cunningham for using excessive force and against Sergeant Collins for failing to intervene. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so could be held liable under § 1983." *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004). The complaint states a plausible Eighth Amendment claim of excessive force against Officer Cunningham. It is unclear from the allegations whether Sergeant Collins had a realistic opportunity to stop Officer Cunningham, but, giving Hunter the inferences to which he is entitled at this stage of the proceedings, the complaint also states a plausible claim against Sergeant Collins for failing to intervene.

Hunter also names Warden Hyatt and Commissioner Carter as defendants but omits any mention of them in the narrative portion of the complaint. Because there is no

2

indication that Warden Hyatt and Commissioner Carter violated Hunter's constitutional rights, these defendants are dismissed.

For these reasons, the court:

(1) GRANTS Markeese Hunter leave to proceed on an Eighth Amendment claim of excessive force against Officer Cunningham for using excessive force on April 15, 2018;

(2) GRANTS Markeese Hunter leave to proceed on an Eighth Amendment claim against Sergeant Collins for failing to intervene when Officer Cunningham used excessive force on April 15, 2018;

(3) DISMISSES Warden Hyatt and Commissioner Carter;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Cunningham and Sergeant Collins at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Cunningham and Sergeant Collins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Markeese Hunter has been granted leave to proceed in this screening order.

SO ORDERED on August 12, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT